1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMAR ANDRE BOVAN,

                                Plaintiff,

         v.

RITA BRAZINGTON, MAGGIE
MILLER-STOUT, EARL X.
WRIGHT, DAN PACHOLKE,
THOMAS ORTH, MR. KLEMKE,
MR. LAWRENCE, MS. BURK, BOB
CAPES, MS. SIAZ, CC2 STOKES, CS
FITZPATRICK, RON FREDRICK,
CLARA CURL and OFFICER
ALEXANDER,

                          Defendants.

NO:  13-CV-0138 -TOR

ORDER DISMISSING FIRST
AMENDED COMPLAINT

17

18

19

20

     BEFORE THE COURT is Plaintiff's First Amended Complaint (ECF No.

29).  Plaintiff, a prisoner at the Monroe Correctional Complex-Minimum Security

Unit, is proceeding *pro se* and *in forma pauperis.*  Plaintiff seeks $10 billion in

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

1 | punitive damages and $2 billion "for retaliation" at the Airway Heights Corrections

2 | Center.

3 | After reviewing the First Amended Complaint in the light most favorable to

4 | Plaintiff, the Court finds that he has failed to state facts which "plausibly give rise

5 | to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  For the

6 | reasons set forth below, the Court finds Plaintiff has failed to cure the deficiencies

7 | of his initial complaint.

8 | **GRIEVANCES**

9 | Once again, Plaintiff appears to assert that Defendant Earl X. Wright, as the

10 | Secretary of the Department of Corrections ("DOC"), and Defendant Dan

11 | Pacholke, as Director of the DOC, failed to follow policy by not investigating

12 | Plaintiff's grievances further against Defendants Sgt. Orth and CC2 Brazington.

13 | Plaintiff complains that his incoming legal mail was opened with "reckless

14 | disregard of (DOC) policy and Plaintiff's Constitutional Due Process rights."  He

15 | also seems to allege these Defendants failed to protect Plaintiff from being

16 | "assaulted" by Defendant Brazington.  Plaintiff's allegations are insufficient to

17 | state a claim against these Defendants upon which relief may be granted.

18 | Contrary to Plaintiff's assertions, an inmate has no due process rights

19 | regarding the proper handling of grievances as there is no protected liberty interest

20 | in the prison grievance procedure. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

1    1988) (concluding there is no legitimate claim of entitlement to a prison grievance

2    procedure); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (noting that state

3    created liberty interests "are generally limited to freedom from restraint").    The

4    failure of prison officials to respond to or process a particular grievance does not

5    violate the Constitution. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991); *see*

6    *also Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D.Ind.2003) ("[t]he right to

7    petition the government for redress of grievances, however, does not guarantee a

8    favorable response, or indeed any response, from state officials").

9        Furthermore, the failure to comply with a stated prison policy is not a *per se*

10    violation of a clearly established constitutional right. *Davis v. Sherer*, 468 U.S.

11    183, 193-95 (1984).  Plaintiff's allegations regarding the processing of grievances

12    against Defendants Maggie Miller-Stout, Earl X. Wright, Dan Pacholke, CPM

13    Klemke, Siaz, C.S. Fitzpatrick, Ron Fredrick and Clara Curl fail to state claims

14    upon which relief may be granted.

15                                              **LEGAL MAIL**

16        Plaintiff contends that on an unspecified date, Defendant Thomas Orth failed

17    to give Plaintiff his incoming legal mail unopened, in violation of DOC policy.

18    Rather, Plaintiff states Defendant Orth sent him a letter stating, "Your 'legal mail'

19    was <u>inadvertently</u> opened by one of my staff members and then once realized it

20    was legal mail, was processed accordingly.  It was not scanned nor reviewed.  I

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3

1    apologize for the error but when dealing with over 1,000 pieces of mail for

2    offenders on a daily basis, human error does come into play.  Your mail was not

3    readily identifiable and was processed through an automatic letter opener."

4    Plaintiff complains Defendant Orth made a "false statement" because the envelope

5    indicated it was sent from a King County Prosecuting Attorney and was marked

6    "legal mail," which Plaintiff asserts was then "crossed out with a red and black pen

7    by Sgt. Orth and or his mail room staff at AHCC."

8       As previously advised, an inadvertent opening of an inmate's legal mail

9    constitutes mere negligence and does not rise to the level of a constitutional rights

10    violation cognizable under § 1983.  *See Stevenson v. Koskey*, 877 F.2d 1435, 1441

11    (9th Cir. 1989).  An isolated incident of mail interference or tampering usually

12    does not support a claim under § 1983 for the violation of a constitutional rights.

13    *See e.g. Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of

14    mail tampering usually insufficient to state claim); *Gardner v. Howard*, 109 F.3d

15    427, 431 (8th Cir. 1997) (isolated incident of opening legal mail without evidence

16    of improper motive or resulting interference with access to courts or right to

17    counsel does not support a claim); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.

18    1990) (isolated incident of opening one piece of legal mail in error does not rise to

19    level of constitutional violation).  Here, Plaintiff has presented no facts showing

20    Defendant Orth's actions interfered with his access to the courts or his right to

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 4

1  counsel.   Therefore, Plaintiff has failed to state a claim against Defendant Orth

2  upon which relief may be granted.

3  **FAILURE TO PROTECT/EXCESSIVE FORCE**

4    Plaintiff contends that Defendants Wright, Pacholke, CPM Klemke, CC2

5  Lawrence, CC3 Burk and CC2 Stokes failed to protect Plaintiff from being

6  assaulted by Defendant CC2 Brazington, after Defendant CC2 Stokes allegedly

7  gave Plaintiff permission to knock on Defendant Brazington's door.   Once again,

8  Plaintiff fails to present facts regarding this alleged assault.

9    It appears from Plaintiff's assertions against Defendant Capes, that Plaintiff

10  knocked on Defendant Brazington's door, despite the fact there was a posted sign

11  stating, "Do Not Knock."   Defendant Brazington then apparently came out and

12  "took" Plaintiff's ID.  The Court cannot infer, based on the facts presented in the

13  First Amended Complaint that Defendant Brazington engaged in the excessive use

14  of force. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Whitley v. Albers*, 475

15  U.S. 312, 322-23 (1986).

16    Similarly, the Court cannot infer that on an unspecified date Defendants

17  Wright, Pacholke, Klemke, Lawrence, Burk or Stokes failed to protect Plaintiff

18  from a substantial risk of serious harm.  *See Wilson v. Seiter*, 501 U.S. 294 (1991);

19  *Farmer v. Brennan,* 511 U.S. 825, 840-847 (1994).   Plaintiff's allegations are

20

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 5

1  insufficient to state claims against Defendants Brazington, Klemke, Lawrence,

2  Burk, Miller-Stout, Wright, Pacholke, or Stokes upon which relief may be granted.

3  ### MISCELLANEOUS MAIL CLAIMS/RETALIATION

4  Plaintiff also seems to allege interference with his outgoing legal mail by

5  Defendants Lawrence and Burk. He does not state when this occurred or any of

6  the surrounding circumstances. To the extent Plaintiff may be attempting to state a

7  claim that he was denied access to the court, he has failed to do so.

8  To establish the denial of meaningful access to the courts, a plaintiff must

9  show that he suffered "actual injury" as a result of the defendants' actions. *See*

10  *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996) (stating that an inmate bringing an

11  access to the courts claim must establish that he has suffered an "actual injury");

12  *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994), *cert. denied*, 516 U.S. 825

13  (1995) (holding that an inmate must establish he has suffered an "actual injury"

14  where he alleges that he was denied reasonable access to the law library). Plaintiff

15  presents no facts showing he suffered actual injury to "contemplated or existing

16  litigation, such as the inability to meet a filing deadline or to present a claim."

17  *Lewis v. Casey*, 518 U.S. at 348. Plaintiff's allegations are insufficient to state a

18  claim against Defendants Lawrence and Burk.

19  To the extent Plaintiff asserted Defendant Lawrence's actions were

20  retaliatory, he failed to present any facts from which the Court could infer a

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 6

1   cognizable claim of retaliation.   As previously advised, "[w]ithin the prison

2   context, a viable claim of First Amendment retaliation entails five basic elements:

3   (1) An assertion that a state actor took some adverse action against an inmate (2)

4   because of (3) that prisoner's protected conduct, and that such action (4) chilled the

5   inmate's exercise of his First Amendment rights, and (5) the action did not

6   reasonably advance a legitimate correctional goal," *Rhodes v. Robinson*, 408 F.3d

7   559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15

8   (9th Cir. 2012); *Brodheim v. Cry,* 584 F.3d 1262, 1269 (9th Cir. 2009),

9        Prisoners have a protected right to file prison grievances.  *Watison,* 668 F.3d

10   at 1114; *Brodheim*, 584 F.3d at 1269.   However, Plaintiff's amended complaint

11   presents no facts supporting a plausible claim that adverse action was taken against

12   him because of his engagement in conduct protected under the First Amendment.

13   Although Plaintiff has a right to file prison grievances, the bare assertion of

14   retaliatory motive does not suffice to support a claim.  *Watison*, 668 F.3d at 1114;

15   *Brodheim*, 584 F.3d at 1269.

16        In addition, Plaintiff claims that on an unspecified date, Defendant Officer

17   Alexander knowingly gave Plaintiff's incoming regular mail to another inmate.

18   Although Plaintiff asserts this violated his Fourteenth Amendment due process

19   rights, he has failed to state how this incident on an unspecified date caused him

20   harm.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 7

Deliberate mishandling of mail may violate a prisoner's First Amendment and due process rights.  However, a single mistake or occasional incident of mishandling of mail does not state a claim under § 1983.  *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Bach v. Illinois*, 504 F.2d 1100, 1102 (7th Cir. 1974) *cert. denied sub nom., Bensinger v. Bach*, 418 U.S. 910 (1974). Additionally, a plaintiff must be able to show that he was injured by the denial of access to mail.  *See Morgan v. Montanye*, 516 F.2d 1367, 1371 (2nd Cir. 1975), *reh'g denied,* 521 F.2d 693, *cert. denied*, 424 U.S. 973 (1976).  Although granted the opportunity to do so, Plaintiff has made no such showing.  Plaintiff has failed to state a claim against Defendant Alexander upon which relief may be granted.

**MENTAL HEALTH RESPONSE**

Plaintiff once more appears to be complaining of the response he received from Defendant Bob Capes on August 23, 2013, to his request for medication to help him sleep and to calm his "paranoidness." He claims Defendant Capes wrote: "What I understand is that you knocked on 'do not knock.'  She came out and 'took' your ID and that is it and now you are claiming all of this?" and "'You once use to beat people up' so you know about assault."   This response is insufficient to show a constitutional violation.

For an inmate to state a claim under § 1983 for medical mistreatment or denial of medical care, the prisoner must allege "acts or omissions sufficiently

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 8

1    harmful to evidence deliberate indifference to serious medical needs." *Estelle v.*

2    *Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference exists when an official

3    knows of and disregards a serious medical condition and the official is "aware of

4    facts from which the inference could be drawn that a substantial risk of harm

5    exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825,

6    837 (1994).  Moreover, "[b]ecause society does not expect that prisoners will have

7    unqualified access to health care, deliberate indifference to medical needs amounts

8    to an 8th Amendment violation only if those needs are 'serious.'" *Hudson v.*

9    *McMillian*, 503 U.S. 1, 9 (1992) (*citing Estelle*, 429 U.S. at 103-104).

10    Plaintiff has presented no facts from which the Court could infer Defendant

11    Capes was deliberately indifferent to his mental health needs.  *See McGuckin v.*

12    *Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by *WMX*

13    *Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *Hutchinson v. United*

14    *States*, 838 F.2d 390, 394 (9th Cir. 1988) ("Mere negligence in diagnosing or

15    treating a medical condition, without more, does not violate a prisoner's Eighth

16    Amendment rights.").   The Court cannot infer from his responsive statements that

17    Defendant Capes either ignored or failed to respond to Plaintiff's mental health

18    needs.   Plaintiff has failed to state a claim against Defendant Capes upon which

19    relief may be granted.

20    ///

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 9

1

**DISMISSAL**

2        Having granted Plaintiff the opportunity to amend his complaint to present a

3  plausible claim for relief, and having granted Plaintiff a generous extension of time

4  in which to do so, **IT IS ORDERED** the First Amended Complaint is

5  **DISMISSED with prejudice** for failure to state a claim upon which relief may be

6  granted.  28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

7        Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who

8  brings three or more civil actions or appeals which are dismissed as frivolous or for

9  failure to state a claim will be precluded from bringing any other civil action or

10 appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious

11 physical injury." 28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new**

12 **statutory provisions under 28 U.S.C. § 1915**. **This dismissal of Plaintiff's**

13 **complaint may count as one of the three dismissals allowed by 28 U.S.C. §**

14 **1915(g) and may adversely affect his ability to file future claims.**

15       Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be *taken in forma*

16 *pauperis* if the trial court certifies in writing that it is not taken in good faith." The

17 good faith standard is an objective one, and good faith is demonstrated when an

18 individual "seeks appellate review of any issue not frivolous." *See Coppedge v.*

19

20

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 10

*United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

**Accordingly, IT IS HEREBY ORDERED:**

1. The District Court Executive is directed to enter this Order, enter Judgment, forward copies to Plaintiff at his last known address, and **CLOSE** the file.

2. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

3. The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**DATED** November 1, 2013.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 11